UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| FIRENZA STONE, INC., | Case No. 1:22 CV 01163 |
| Plaintiff, | |
| vs. | JUDGE DONALD C. NUGENT |
| BRETON USA CUSTOMER SERVICE CORP AND BRETON S.p.A., | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

This matter is before the Court on Defendants' Breton USA Customer Service Corp. Inc. and Breton S.p.A. (together, "Breton Parties") Motion to Dismiss and Compel Arbitration (ECF #5). This matter is now fully briefed and ready for ruling. After a thorough review of all of the briefs, supporting documents, and relevant law, the Court finds that the Defendant's Motion should be GRANTED.

## I.     FACTUAL ALLEGATIONS[1]

Plaintiff Firenza Stone, Inc. ("Firenza Stone") – a commercial entity that provides luxury cabinetry, countertops, and granite – entered into a contract with Defendants Breton USA Customer Service Corp. Inc. and Breton S.p.A (collectively the "Breton Parties") on February 6, 2018. (ECF #1-1, PageID 7; ECF #5, PageID 105). As part of its services, Firenza Stone "cuts and modifies marble, granite, and other stone slabs to fit customer specifications for installation at their respective business or residence." (ECF#1-1, PageID 7). Breton S.p.A. is an Italian company that manufactures and sells stone-cutting equipment and machinery and Breton USA Customer Service Corp., Inc. is a Florida-based company that services Breton S.p.A. equipment in the United States. (ECF #5, PageID 105). Firenza Stone sought to purchase a "Bridge Saw" and a "Contour Machine" from Breton S.p.A. along with related equipment, products, installation, and services (together "Breton Products"). *Id.* The Parties executed a 28-page written agreement signed by Anthony Fimiani on behalf of Firenza Stone ("Purchase Agreement") with a total purchase price of approximately $550,000. *Id.*

The Parties' full signatures are indicated on the first page of the Purchase Agreement and Mr. Fimiani initialed each subsequent page. (ECF #5-1, PageID 118-145). The Purchase Agreement includes an itemized list of the products and services with full descriptions of the machines, equipment, accessories, software, and services purchased and their corresponding purchase price. (*Id.*, PageID 119-121). Additionally, the Purchase Agreement contains "specific terms and conditions" and "general standard terms and conditions." (*Id.*, PageID 138-145).

After submitting payment following the invoice dated June 7, 2018, Firenza Stone was disappointed by the quality of its purchase and the services rendered by Breton S.p.A. starting

---

[1] The Breton Parties do not admit, and rather, dispute the allegations and claims contained in the Complaint.

with installation in October 2018. (ECF #1-1, PageID 12). Firenza Stone claims that the Breton technicians "were not familiar with the installation of the Breton equipment and required a third technician to arrive from Italy after two days." *Id*. In addition to Firenza Stone's concern with the Breton technicians' capabilities, the technicians spoke in Italian, making it difficult for Firenza Stone's representative, Craig Lovejoy, to participate in the installation process as planned. (ECF #1-1, PageID 13). Mr. Lovejoy reported that "so much time was wasted by the technicians during the installation process that very little effort was given to operator training and no time was given to maintenance training issues." *Id.*

Months later, in early April 2019, Mr. Lovejoy returned to address a malfunction with the CNC Machine. (ECF #1-1, PageID 14). Though the machine was able to resume functioning, Firenza Stone was dissatisfied with the instruction its team received when trying to resolve the issue. *Id.* Mr. Fimiani on behalf of Firenza Stone shared his concerns with Breton, stating that Firenza Stone "felt neglected and caught up in red tape" resulting from inadequate training and poor communication from Breton when machine software issues arose. *Id.* Firenza Stone reported additional problems in the following months concerning its order, leading the company to file a 14-count Complaint against the Breton Parties. (ECF #1-1). While Firenza Stone is adamant about commencing litigation, the Purchase Agreement contains an arbitration clause within "general standard terms and conditions" detailing the 3-step dispute resolution. (ECF #5-1, PageID 144-145). The Applicable Law and Arbitration in relevant part provides:

> In the event of any dispute, claim, question, or disagreement arising from or relating to this agreement or breach thereof, the parties hereto shall use their best efforts to settle the dispute, claim, question, or disagreement. To this effect, they shall consult and negotiate with each other in good faith and, recognizing their mutual interests, attempt to reach a just and equitable solution satisfactory to both parties.

> If the parties do not reach such solution within a period of 60 days, then, upon notice by either party to the other, the parties agree first to try in good faith to settle all disputes, claims, questions, or differences by mediation administered by the American Arbitration Association under its Commercial Mediation Procedures before resorting to arbitration. The time limit before arbitration will be 90 days. The place of mediation shall be New York, State of New York. The language(s) of the mediation shall be English.
>
> If after the time limit of 90 days the parties fail to reach a settlement, any dispute, controversy or claim arising out of or relating to this contract, purchase of Breton product, or a breach thereof, that cannot be settled through Mediation shall be determined by arbitration administered by the American Arbitration Association in accordance with its International Arbitration Rules. The number of arbitrators shall be one. The place of arbitration shall be New York. The language(s) of the arbitration shall be in English.

*Id.*

Firenza Stone claims it cannot be bound by any provisions of the contract, arguing that the arbitration clause is unconscionable, and that it should be able to revoke the contract under state law. (ECF #1-1, PageID 25; ECF #7, PageID 157). The Breton Parties filed a Motion to Dismiss and Compel Arbitration in response to Firenza Stone's 14-count Complaint. (ECF #5).

## II. APPLICABLE LAW AND ANALYSIS

When considering a motion to dismiss due to an arbitration provision, a court must: (1) determine whether the parties agreed to arbitrate; (2) determine the scope of the agreement; (3) if the federal statutory claims are asserted, consider whether Congress intended to exclude such claims from arbitration; and (4) determine whether any issues remain for the court's consideration. *See Manuel v. Honda R & D Am., Inc.*, 175 F.Supp.2d 987, 990 (S.D. Ohio 2001);

*see also Stout v. Byrider,* 228 F.3d 709, 714–15 (6th Cir.2000); *see also Compuserve, Inc. v. Vigny Int'l Finance, Ltd.,* 760 F.Supp. 1273, 1278 (S.D.Ohio 1990).

### A. The Parties Expressly Agreed to Arbitrate.

The signed Purchase Agreement makes clear that the Parties agreed to arbitrate. (ECF #5-1). Firenza Stone agreed to the Purchase Agreement's arbitration clause when Mr. Fimiani initialed on both page 27 and 28 of the signed agreement. (*Id.*, PageID 144-45). While the Parties do not dispute that there is a general preference under the law for arbitration, Firenza Stone presents several reasons in its opposition brief as to why it should not be bound to the arbitration clause. (ECF #5, PageID 109; ECF #7, PageID 155; *see also Stout v. J.D. Byrider,* 228 F.3d at 714).

One of its arguments focuses on the language of the arbitration clause itself. Firenza Stone believes that the arbitration provision is "buried" within the Purchase Agreement and fails to "address by its own terms and conditions multiple issues in dispute." (ECF #7, PageID 157). Additionally, the cabinet, countertop, and granite stone business claims that the provision at issue "is ambiguous and unclear as to whom is governed by and bound by it" and that "it and is unreasonable and unconscionable" due to the Purchase Agreement's Choice of Law and multi-step dispute resolution process. *Id.*

First, the arbitration provision is appropriately placed within the "general standard terms and conditions" and its language is broad in nature, covering each issue Firenza Stone raised in its Complaint. (ECF #1-1). Further, the law provides that "when faced with a broad arbitration clause, such as one covering any dispute arising out of an agreement, a court should follow the presumption of arbitration and resolve doubts in favor of arbitration." *Simon v. Pfizer,* 398 F.3d

5

765, 775 (6th Cir. 2005); *see also Masco Corp v. Zurich Am. Ins. Co.*, 382 F.3d 624, 627 (6th Cir. 2004).

Second, the Purchase Agreement makes clear that both Breton USA Customer Service Corp. and Breton S.p.A. are named parties in the contract. (ECF #5-1). This is evident throughout the Purchase Agreement, but particularly on page 25 as it states "[o]rders for a Breton Product placed by a buyer (hereinafter "Buyer") with Breton S.P.A. and/or Breton USA Customer Service Corp. Inc. (hereinafter, collectively "Seller")." (ECF #5-1, PageID 142). Firenza Stone claims that this reference still presents confusion as to who is a contracting seller in the Purchase Agreement. (ECF #7, PageID 160). However, both the Breton USA Customer Service Corp. and Breton S.p.A. logos are positioned on every page of the Purchase Agreement and two separate signatures are included under "Seller" on page 1 and page 24 of the agreement.

As Firenza Stone includes in its opposition brief, "[t]he party seeking to establish that an arbitration clause is unconscionable must show that the provision is both procedurally and substantively unconscionable." *English v. Cornwell Quality Tools Co.*, 9th Dist. Summit No. 22578, 2005-Ohio6983, ¶ 7 (citing *Neubrander v. Dean Witter Reynolds, Inc.*, 81 Ohio App.3d 308, 311-12, 610 N.E.2d 1089 (1992)). This Court has adopted the definition of substantive unconscionability as arising from "unfair and unreasonable contract terms" and procedural unconscionability as "individualized circumstances surrounding each of the parties to a contract such that no voluntary meeting of the minds was possible." *Kaz Co., Inc. v. Esselte Corp*, No. 5:05CV814, 2005 WL 3088563, at *2 (N.D. Ohio Nov. 17, 2005)(citing *Jeffrey Mining Prods. L.P. v. Left Fork Mining Co.,* 143 Ohio App.3d 708, 718, 758 N.E.2d 1173 (2001); *Sablosky v. Gordon Co.,* 73 N.Y.2d 133, 138, 538 N.Y.S.2d 513, 535 N.E.2d 643 (1989); *Providian Nat. Bank v. McGowan,* 179 Misc.2d 988, 687 N.Y.S.2d 858 (N.Y.City Civ.Ct.1999)). Firenza Stone

has failed to prove either prong of this test. Instead, it moved forward with signing the Purchase Agreement after review of several drafts provided by Breton. (ECF #1-1, PageID 12; ECF # 12, PageID 182).

### B. Firenza Stone's Claims Lie Within the Scope of the Arbitration Provision.

Because it has been established that the arbitration provision in the Purchase Agreement is broad enough in nature as to cover **all** of Firenza Stone's claims against the Breton Parties, Firenza Stone's claim that it should be able to revoke the contract under state law is meritless. (ECF #1-1, PageID 25-26; ECF #7, PageID 157). In Count II of the Complaint, Firenza Stone asserts that it has a right to revoke the Purchase Agreement under R.C. §1302.66, claiming that this is a state issue falling outside of the scope of the arbitration provision. (ECF #1-1, PageID 25-26). However, as this Court has previously stated, the Supreme Court held that the Federal Arbitration Act preempts state laws which purport to limit contracting parties' agreement to arbitrate. *Kaz Co., Inc. v. Esselete Corp*, No. 5:05CV814, 2005 WL 3088563, at *4 (N.D. Ohio Nov. 17, 2005); *see Southland Corp v. Keating*, 456 U.S. 1, 104 S.Ct 852, 79 L.Ed.2d 1 (1984). Therefore, Firenza Stone's desire to revoke the contract is an issue to be resolved through the Purchase Agreement's 3-step dispute resolution process.

### C. Firenza Stone Does Not Raise Any Federal Statutory Claims.

The Court need not examine the third factor as Firenza Stone did not assert any federal statutory claims.

### D. The Court Finds No Remaining Issues to Consider.

The Court has addressed the relevant issues above and finds nothing further to consider.

### III. CONCLUSION

For the reasons set forth above, Defendants' Breton USA Customer Service Corp. Inc. and Breton S.p.A. (together, "Breton Parties" Motion to Dismiss and Compel Arbitration (ECF #5) is GRANTED. This case is dismissed without prejudice.

IT IS SO ORDERED.

*Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: *August 11, 2022*